Citation Nr: 1717650 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 12-27 947 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Evaluation of hypertension, rated as noncompensably disabling prior to May 5, 2015 and 10 percent disabling thereafter.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Riley, Counsel 






INTRODUCTION

The Veteran served on active duty from August 1983 to May 2009. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a November 2009 and November 2015 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi and the Appeals Management Center (AMC), respectively. 

This case was previously before the Board in February 2015 when it was remanded for further development. The requested development has been substantially complied with and the issue is ready for appellate review. 


FINDINGS OF FACT

1. Prior to May 5, 2015, the Veteran's hypertension required continuous medication for control without a history of diastolic pressure predominantly 100 or more or systolic pressure predominantly 160 or more.

2. Beginning May 5, 2015, the Veteran's hypertension most nearly approximates systolic pressure predominantly 160 or more without diastolic pressure 110 or more or systolic pressure predominantly 200 or more. 


CONCLUSION OF LAW

The criteria for a higher initial rating for hypertension, rated as noncompensably disabling prior to May 5, 2015 and 10 percent disabling thereafter, are not met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.3, 4.7, 4.104, Diagnostic Code 7101 (2016).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

As a preliminary matter, the Board finds that VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). VA has also complied with the Board's February 2015 remand, obtaining updated records of treatment from VA facilities and Keesler Air Force Base Medical Center (Keesler AFB) dated after August 2012. Additionally, the Veteran was provided a VA examination to determine the current severity and manifestations of the service-connected hypertension in May 2015. The examination report is fully responsive to the Board's remand orders and the claim for an increased rating was readjudicated in a November 2015 rating decision and supplemental statement of the case (SSOC). The Board therefore finds that VA has complied with the duties to notify and assist, including the Board's February 2015 remand instructions. 

Entitlement to service connection for hypertension was awarded in the November 2009 rating decision on appeal. An initial noncompensable rating was assigned effective May 28, 2009. In a November 2015 rating decision, an increased 10 percent evaluation was granted effective May 5, 2015. The Veteran's service-connected hypertension is therefore currently rated as noncompensably disabling prior to May 5, 2015 and 10 percent disabling thereafter. He contends that increased initial ratings are warranted as his hypertension requires the use of multiple medications to control his blood pressure. 

Disability evaluations are determined by comparing a Veteran's present symptomatology with criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

The Veteran's entire history is reviewed when making disability ratings. See generally 38 C.F.R. 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). Where entitlement to compensation already has been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, where, as here, the question for consideration is the propriety of the initial disability rating assigned, evaluation of the medical evidence since the grant of service connection and consideration of the appropriateness of "staged rating" is required. See Fenderson v. West, 12 Vet. App. 119, 126 (1999).

The Veteran's hypertension is currently rated under Diagnostic Code 7101 pertaining to hypertensive vascular disease. This diagnostic code does not provide for a zero percent (noncompensable) rating, therefore the initial evaluation in this case was assigned in accordance with 38 C.F.R. § 4.31 (a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met). Under Diagnostic Code 7101, a 10 percent rating is applicable if diastolic pressure is predominantly 100 or more, or systolic pressure is predominantly 160 or more, or there is a history of diastolic pressure of predominantly 100 or more and continuous medication is required to control blood pressure. A 20 percent evaluation is warranted if diastolic pressure is predominantly 110 or more or systolic pressure is predominantly 200 or more. 38 C.F.R. § 4.104, Diagnostic Code 7101. 

Prior to May 15, 2015

During the period prior to May 5, 2015, the Board finds that the manifestations of the Veteran's hypertension most nearly approximate the current noncompensable rating. The Veteran's hypertension required control with continuous medication throughout most of the rating period; however, the record shows his blood pressure readings did not most nearly approximate a history of diastolic pressure predominantly 100 or more or systolic pressure predominantly 160 or more prior to May 5, 2015 as required for a compensable evaluation. 

The Board notes that service treatment records show some elevated blood pressure readings during active duty. However, hypertension was not diagnosed in service. Further, service treatment records show that he was prescribed Cardura for benign prostatic hyperplasia (BPH) several years before hypertension was first identified, and it does not appear the medication was used to regulate the Veteran's blood pressure until after his separation from active duty. 

Hypertension was first diagnosed at an August 2009 VA examination. At the time, the Veteran's blood pressure was measured as 144/97, 142/97, and 140/92. He reported not taking Cardura recently and while these blood pressure readings are somewhat elevated, they do not most nearly approximate the criteria contemplated by a 10 percent rating under Diagnostic Code 7101. 

After the August 2009 VA examination, the Veteran established primary care treatment at Keesler AFB. The Board acknowledges that treatment records of August 24, 2009, after the VA examination, show his blood pressure at that time was 171/91 and he was prescribed medication specifically to regulate his blood pressure. However, the August 24, 2009 blood pressure reading represents the only time the Veteran's systolic pressure measured higher than 160 prior to May 5, 2015 and the Board finds that this isolated finding, observed before the Veteran began regular medication for blood pressure control, does not establish systolic pressure of predominantly 160 or more during the period prior to May 5, 2015. 

Similarly, there is no indication the Veteran's diastolic pressure was predominantly 100 or more at any time prior to May 15, 2015. While diastolic pressure was measured in the high 90s during the August 2009 VA examination, as noted above, this examination was conducted a few weeks before the Veteran was first prescribed hypertension-specific medication. From that point forward, the Veteran's hypertension was controlled with medication and blood pressure readings at the September 2010 VA examination were lower, reported as 135/89, 130/84, and 135/81. These findings do not support the assignment of a compensable rating. 

Further, no other competent evidence of record supports the assignment of a compensable rating prior to May 15, 2015. Indeed, after the initial diagnosis of hypertension in August 2009, the Veteran's blood pressure was controlled with various medications by his primary care doctor at Keesler AFB. In July 2011, the primary care doctor specified a blood pressure goal of 130/80 for the Veteran due to his history of prediabetes, and various medications were prescribed to ensure the Veteran's blood pressure remained well-controlled. After the Veteran began the regular use of hypertension medication, his highest diastolic blood pressure reading was 93 during a March 2011 evaluation at Keesler AFB with a peak systolic reading of 143 recorded in July 2011. As a result of these readings, the Veteran's medications were adjusted and his hypertension was again controlled. These measurements represent the highest blood pressure readings after the Veteran's use of medication and they still do not most nearly approximate the criteria for a 10 percent evaluation under Diagnostic Code 7101.

In sum, while the record indicates some incidents of elevated blood pressure during and after service, the Veteran's hypertension remained well-controlled with the use of continuous medication and adjustments during the period prior to May 5, 2015. The few isolated episodes of increased blood pressure are not indicative of the severity of the Veteran's hypertension during this period, and as noted above, clearly do not establish diastolic pressure that is predominantly 100 or more or systolic pressure that is predominantly 160 or more. To the extent the Veteran may contend that his hypertension meets the criteria for an increased initial rating but for the use of medication, the plain language of Diagnostic Code 7101 contemplates the effects of hypertensive medication. Cf. Jones v. Shinseki, 26 Vet. App. 56, 61 (2012). Therefore, an initial compensable rating is not warranted under Diagnostic Code 7101 during the period prior to May 5, 2015. 

Since May 15, 2015

Turning to the period beginning May 5, 2015 the competent evidence of record shows that a disability rating in excess of 10 percent is not warranted. Upon VA examination in May 2015, the Veteran's hypertension was measured as 156/98, 169/98, and 174/98. The current 10 percent evaluation was assigned based on the results of the VA examination and the reported blood pressure levels are contemplated by the current 10 percent rating. The May 2015 VA examiner found that the Veteran's hypertension was under good control (despite the elevated readings noted upon examination) and did not manifest renal disease or other associated laboratory or echocardiogram findings. There is no competent evidence dated during this period indicating that the Veteran's diastolic pressure is predominantly 110 or more or his systolic pressure is predominantly 200 or more. Therefore, the service-connected hypertension does not most nearly approximate the criteria contemplated by a rating in excess of 10 percent during the period beginning May 5, 2015.

The Board has considered whether there is any other schedular basis for granting a higher rating, but has found none. In addition, the Board has considered the doctrine of reasonable doubt but has determined that it is not applicable because the preponderance of the evidence is against the claim. 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 4.7, 4.21.


ORDER

Entitlement to a higher initial rating for hypertension, rated as noncompensably disabling prior to May 5, 2015 and 10 percent disabling thereafter, is denied.




____________________________________________
E. I. VELEZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs